Smith, J.
Mr. "Wolfe is the owner of four lots in the village of Avondale, situate at the north-east corner of Forest avenue and Haran street, numbered 257, 258, 259 and 260, on a plat of a subdivision of said village. They all front on Forest avenue 25 feet, and each lot is 96,47 feet deep. Lot No. 257 is the corner lot. In the rear of these four lots •are two others owned by Mrs. Wolfe, Nos. 255 and 256, which front on Haran street twenty-five feet. In 1893, proceedings were had by the village to improve Haran street, andjon July 2, 1894, after the completion of the work, an ordinance was passed assessing upon this property of plaintiff the sum of $213.42, as having a frontage on Haran ■street of 96.47 feet. It is claimed by plaintiff that he should have been assessed only for a frontage of 25 feet, andón inlot 257 alone,and this sum has been offered to pay.
The following additional facts are agreed to: Before the improvement was ordered, Mr. Wolfe had erected on lots Nos. 259 and 260, (being those of the four owned by him most distant from Haran street), a family residence. It clearly fronts on Forest avenue, there being no door on *376 the side towards Haran street, and there being no access to the house or grounds from said street' — -the lot standing from seven to twenty-three feet above the street which was cut down. The only entrance to the house or lot is from Forest avenue, and as there is a cut there also,the house is above that street, which was also cut down when improved. The onlyentrance to the house or ground from any street is from Forest avenue, and the house and the ground is high above that street also. But his entrance to it is by a flight of steps, to a cement walk which winds around the house, and a few feet of which walk is upon lot No. 257, the corner lot. At the time the street was improved, there was a privy vault bn lot 257, but this was exposed by the cutting down of the street, and by order of the village authorities had to be removed, and was placed on one of the lots belonging to Mr. Wolf. It is also agreed that owing to the cutting down of Haran St., that the part of the cement walk on lot 257, may have to be removed. No other improvements have been made on this lot, but there is some shrubbery and grass thereon.
On the opposite side of Haran street, and fronting on Forest avenue also, are two lots of a Mr. Raabe, Nos. 72 and 73. Each of these has a frontage on said avenue of 25 feet, and No. 72, the corner lot, has 96.47 feet along Haran street. Neither of those Jots is improved, and the assessment for the improvement of this street imposed upon lot No. 72, was only for 25 feet. As there was no improvement on those lots, under the decision of the Haviland case, 50 Ohio St., 471, this was clearly right. And the question now for consideration is, whether under the facts stated, the same person being tbe owner of the four lots fronting on Forest avenue, and having improved the property in the manner stated, the original lot lines are to be entirely disregarded, and the owner be held liable for an assessment on the whole side of his lot, if such length does not exceed the frontage on the other street.
J. W. Wolfe, for Plaintiff.
Thornton Hinkle, for Defendant.
If the lots of the plaintiff were unimproved, it would seem clear that the assessment in this case should only be for 25 feet,' — that is, for the frontage of lot No. 257 on Forest avenue, as wa's done on the opposite side of the street; that is) that the lines of lots as platted and sub-divided should be regarded such unless the property is improved so as in fact to make it front on the side street. It can only be assessed for the improvement of such street for the number of feet it originally fronted on the other street; and, in our judgment, there has been no such improvement of this lot as would change the admitted original frontage. For these reasons, we think, the assessment of the plaintiff’s property for 96.47 feet was unauthorized, and should, be limited to 25 feet, the real frontage of the lot.